# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| CALVIN HAYWARD, Individually and for Others Similarly Situated, | CASE NO. _____ |
| v. | FLSA COLLECTIVE ACTION |
| LARKIN ENTERPRISES, INC. | |

## ORIGINAL COMPLAINT

### SUMMARY

1. During the relevant time period, Larkin Enterprises, Inc. did not pay overtime as required by the Fair Labor Standards Act ("FLSA").

2. Instead, Larkin paid Calvin Hayward, and other workers like him, at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Hayward brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Hayward worked for Larkin in Ottawa County, Michigan

### THE PARTIES

6. Hayward was an hourly employee of Larkin.

7. His written consent is attached as Exhibit A.

8. Hayward worked for Larkin in West Olive, Michigan in Ottawa County.

9. Larkin is headquartered in Maine.

10. Larkin employed Hayward and those similarly situated to him.

11. **Larkin** may be served with process by serving its registered agent **CSC Lawyers Incorporating Service, 601 Abbott Rd., East Lansing, Michigan 48823**.

## COVERAGE UNDER THE FLSA

12. At all relevant times, Defendant was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all relevant times, Defendant was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

15. At all relevant times, Defendant has had an annual gross volume of sales made or business done of not less than $1,000,000 in each of the past 3 years.

16. At all relevant times, Hayward and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

17. Larkin supplies personnel "to some of the leading firms in the power generation and utility industries – both within the US and around the globe."[1]

18. Hayward was an hourly employee of Larkin.

---

[1] *See* https://www.larkinent.com/about/ (last visited August 7, 2019).

19. Hayward earned $76.47 per hour while working at Larkin.

20. Hayward had the title of Construction Manager.

21. Hayward worked for Larkin from 2014 through 2019.

22. Hayward was not guaranteed a salary.

23. Hayward regularly worked 10-12 hour shifts and 50-60 hours per week.

24. But Larkin paid Hayward at his regular hourly rate for all hours worked in a week, including those over 40 in a week.

25. Thus, rather than receiving time and a half as required by the FLSA, Hayward only received "straight time" pay for the overtime hours he worked.

26. The "straight time for overtime" scheme violated the FLSA.

27. Larkin has known about the FLSA, and its overtime requirement, for many years.

28. Larkin nonetheless failed to pay certain hourly employees, such as Hayward, overtime.

29. Larkin's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

30. Larkin's illegal "straight time for overtime" policy extends beyond Hayward.

31. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

32. Defendant paid dozens of hourly employees according to the same unlawful scheme.

33. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

34. The workers impacted by Defendant's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

35. Therefore, the class is properly defined as:

**All employees of Larkin Enterprises, Inc. who were paid "straight time for overtime" in the past three years.** (The "Putative Class Members").

### FLSA Violations

36. By failing to pay Hayward and the Putative Class Members overtime at one-and-one-half times their regular rates, Larkin violated the FLSA's overtime provisions.

37. Larkin owes Hayward and the Putative Class Members the difference between the rate paid to them and the proper overtime rate.

38. Because Larkin knew, or showed reckless disregard for whether its pay practices violated the FLSA, Larkin owes these wages for at least the past three years.

39. Larkin is liable to Hayward and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

40. Hayward and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### Jury Demand

41. Hayward demands a trial by jury.

### Prayer

42. Hayward prays for relief as follows:

    a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

    b. Judgment awarding Hayward and the Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

    c. An award of pre- and post-judgment interest on all amounts awarded at the

highest rate allowable by law; and

   d.  All such other and further relief to which Hayward and the Putative Class Members may show themselves to be justly entitled.

          Respectfully submitted,

        By: /s/ *Andrew W. Dunlap*
         **Michael A. Josephson**
         Fed. Id. 27157
         State Bar No. 24014780
         **Andrew W. Dunlap**
         Fed Id. 1093163
         State Bar No. 24078444
         **JOSEPHSON DUNLAP LLP**
         11 Greenway Plaza, Suite 3050
         Houston, Texas 77046
         713-352-1100 – Telephone
         713-352-3300 – Facsimile
         mjosephson@mybackwages.com
         adunlap@mybackwages.com

         **AND**

         **Richard J. (Rex) Burch**
         Fed. Id. 21615
         Texas Bar No. 24001807
         **BRUCKNER BURCH PLLC**
         8 Greenway Plaza, Suite 1500
         Houston, Texas 77046
         713-877-8788 – Telephone
         713-877-8065 – Facsimile
         rburch@brucknerburch.com

         **ATTORNEYS IN CHARGE FOR PLAINTIFF**

        **FAGAN MCMANUS, P.C.**

        By: /s/ *Jennifer L. McManus*
         Jennifer L. McManus  (P65976)
         Local Attorney for Plaintiff
         25892 Woodward Avenue
         Royal Oak, MI  48067-0910
         (248) 542-6300

Dated: August 27, 2019      jmcmanus@faganlawpc.com